Leonel Abel **CASTILLO–ESCOBAR,**
Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 04–73294.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Leonel Abel Castillo–Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the BIA's finding that changed country conditions in Guatemala rebutted Castillo–Escobar's presumption of a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999–1000 (9th Cir. 2003) (it is entirely appropriate for the BIA to use its expertise in considering contradictory and ambiguous country reports and deciding which portions are relevant to applicant); *see also Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) ("Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsis-

R.App. P. 34(a)(2).
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tent conclusions from the evidence.") (citation omitted). Thus, Castillo–Escobar's asylum claim fails.

Because Castillo–Escobar failed to demonstrate that he was eligible for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**